**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **VS.** <br><br> **SHELTON FAVORS,** <br><br> **Defendant** | **NO. 3: 06-CR-41 (CAR)** <br><br> **VIOLATIONS:  Drug Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned.  The defendant was represented by Mr. Charles E. Cox, Jr. of the Macon Bar; the United States was represented by Assistant U. S. Attorney Tamara Jarrett.  Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated November 14, 2006, as well as argument and comments of counsel,  I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

   ☐ under 18 U.S.C. §924(c).

☐ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated November 14, 2006, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant FAVORS and the safety of the community were he to be released from custody at this time.  The offenses charged against the defendant are serious ones for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty.  The weight of evidence is strong; defendant FAVORS, although not high in the hierarchy of the drug organization of Frazier Lanier Johnson, provided assistance to the on-going operation of that organization.

Defendant FAVORS has an extensive arrest and conviction record going back to 1977. His felony convictions include FORGERY, 1977, Superior Court of Athens-Clarke County, Georgia; BURGLARY, 1981, Clarke County, Georgia; THEFT BY SHOPLIFTING (felony), 1998, Superior Court of Athens-Clarke County, Georgia; and, VIOLATION OF THE GEORGIA CONTROLLED SUBSTANCES ACT, 1998, Superior Court of Athens-Clarke County, Georgia. He has exhibited a propensity to violate the law going back nearly thirty years indicating that he would pose a serious danger to the safety of the community by continuing to involve himself in illegal activity were he to be released from custody. Defendant FAVORS admits to a serious history of use of illegal drugs even though he contends that he has not used illegal drugs in 10 years. Significantly, defendant FAVORS has had some five revocations of probation/parole since 1981, indicating an inability to comply with rules of supervision.

For the foregoing reasons, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 14th day of NOVEMBER, 2006.



**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**